UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARLON WILLIAMS,

                             Plaintiff,

                                                                               <u>DECISION AND ORDER</u>

                                                                                     15-CV-6473L

                         v.

JULIE CARPENTER,

                             Defendant.
_____

       Plaintiff Marlon Williams, appearing *pro se*, filed the complaint in this action under 42 U.S.C. § 1983, against the Rochester (New York) Police Department ("RPD"), the Monroe County (New York) Jail ("Jail"), and RPD Officer Julie Carpenter ("Carpenter," named in the complaint as Julie Williams, which was apparently her maiden name). Plaintiff has asserted a number of constitutional claims arising out of his arrest and confinement in 2013, in connection with a parole violation and a charge (eventually dismissed) stemming from a hit-and-run incident.

       On October 30, 2015, the Court *sua sponte* dismissed the claims against the RPD and the Jail. The sole remaining defendant, Officer Carpenter, has now moved to dismiss the complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has filed a response in opposition.

                                                  **BACKGROUND**

       According to the complaint, on March 20, 2013, plaintiff was charged with a parole violation, for violating his curfew. Apparently this occurred in Orleans County, because plaintiff states that he was offered a chance "to participate in the Orlean's [sic] Parole Diversion Program ... ." Dkt. #1 at 7. Plaintiff describes this as a "45 day" program. *Id.*

On March 26, 2013, however, plaintiff was "reviolated" because of an outstanding charge related to a hit-and-run incident that occurred on or about March 8, 2013 in Rochester. Plaintiff alleges that the RPD determined that the owner of the vehicle involved in the incident lived at a certain address in Rochester. When two officers, including Carpenter, went to that address as part of their investigation, the other officer told Carpenter that he recognized the building from having served an unrelated warrant on plaintiff some weeks before.

What the officers did not realize, or ignored, according to plaintiff, was that the building was a double residence. Plaintiff lived downstairs with his girlfriend, and the owner of the hit-and-run vehicle lived upstairs with her boyfriend. Plaintiff alleges that based on what her partner told her, Carpenter "labeled [plaintiff] as the key suspect" in the hit-and-run.

This mix-up is what allegedly led to plaintiff's being "reviolated" for his parole charge. Apparently plaintiff was charged with a misdemeanor in connection with the hit-and-run, and as a result he was disqualified from participating in the Parole Diversion Program. Dkt. #1 at 7.

Plaintiff alleges that in May 2013, he was "found innocent" of the hit-and-run charge. Nevertheless, he was not allowed to participate in the 45-day Parole Diversion Program. Instead, he was placed into a 90-day drug treatment program, commencing on the date of dismissal of the misdemeanor charge. Plaintiff states the misdemeanor charge was formally dismissed on July 15, 2013, and that he was released from custody on October 29, 2013, after completing the 90-day program. *Id.* at 8.

Based on these allegations, plaintiff asserts an array of claims, including false imprisonment, negligence, illegal search and seizure, due process, and defamation. He seeks a total of $50 million in damages, as well as declaratory and injunctive relief.

DISCUSSION

**I. Rule 12(b)(6) Standards**

On a motion to dismiss under Rule 12(b)(6), the courts task is to determine whether, "accept[ing] the allegations contained in the complaint as true, and draw[ing] all reasonable inferences in favor of the non-movant," the plaintiff has stated a facially valid claim. *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994). In making that determination, the court must keep in mind that "a plaintiff's obligation ... requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Thus, where a plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

"[T]his plausibility standard governs claims brought even by *pro se* litigants." *Nevarez v. Hunt*, 770 F.Supp.2d 565, 567 (W.D.N.Y. 2011) (internal quotes and citations omitted). At the same time, however, the Court is mindful that even after *Twombly*, a "document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008). Nevertheless, all pleadings, *pro se* or otherwise, must contain enough factual allegations to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89 (2007)) (additional internal quotes omitted).

**II. Application to this Case**

Applying these standards here, I conclude that plaintiff's complaint must be dismissed. Even accepting the truth of plaintiff's factual allegations, there is simply no basis for a claim against Officer Carpenter.

Plaintiff's false arrest claim fails for the simple reason that Carpenter did not arrest plaintiff. Plaintiff was arrested on March 20 for violating his parole, based on his curfew violation. He does not allege that Carpenter was involved in that arrest. Instead, he alleges that *after* his arrest, he was charged with an additional misdemeanor stemming from the hit-and-run incident, after Carpenter had allegedly labeled him the "key suspect." Since Carpenter clearly was not personally involved in plaintiff's arrest, she cannot be held liable for false arrest. *See Rasin v. City of New York*, No. 14-CV-5771, 2016 WL 2596038, at *9 (E.D.N.Y. May 4, 2016) ("the appropriate question to determine whether Officer D'Alto can be held liable to Pitlock for false arrest is whether he was personally involved in the arrest").[1]

To the extent that the complaint can be read as asserting a claim for malicious prosecution, such a claim also fails, for similar reasons. "The first element of a malicious prosecution claim requires defendant to have initiated a prosecution against plaintiff. In 'malicious prosecution cases against police officers, plaintiffs have met this first element by showing that officers brought formal charges and had the person arraigned.'" *Leibovitz v. Barry*, 15-CV-1722, 2016 WL 5107064, at *11 (E.D.N.Y. Sept. 20, 2016) (quoting *Llerando-Phipps v. City of New York*, 390 F. Supp. 2d 372, 382 (S.D.N.Y. 2005)).

Plaintiff has not alleged that Carpenter was involved in bringing charges against plaintiff. Whatever it means to "label" someone a "key suspect," that is not equivalent to filing a charge against plaintiff. *See Cameron v. City of New York*, 598 F.3d 50, 63 (2d Cir. 2010) ("Under New York law, police officers can 'initiate' prosecution by filing charges or other accusatory instruments").

There are also no allegations that plausibly suggest that Carpenter acted with malice, which, as the name implies, is an element of a malicious-prosecution claim. *See Flynn-Rodriguez v. City of New York*, 14-CV-2287, 2016 WL 4468186, at *6 (E.D.N.Y. Aug. 24, 2016)

---

[1] For that matter, there is no indication that plaintiff was falsely arrested in the first place. Plaintiff does not appear to deny that there was a legitimate basis for his arrest, based on his parole violation. His claims all relate to the *consequences* of that arrest.

("An essential element of a claim for malicious prosecution is that the defendant acted with malice"). Even giving plaintiff's allegations the most generous reasonable construction, he alleges no more than poor police work. That is not enough to support a malicious-prosecution claim, or a § 1983 claim in general. *See Wright v. Orleans County*, No. 14-CV-0622, 2015 WL 5316410, at *21 (W.D.N.Y. Sept. 10, 2015) ("investigatory negligence ... is insufficient to sustain liability for false arrest and malicious prosecution under New York law or § 1983"); *see also Newman v. Township of Hamburg*, 773 F.3d 769, 772 (6th Cir. 2014) ("Any discrepancy [between the defendant officer's statements and the facts] at worst shows negligence or perhaps a lack of attention to detail, which does not amount to malicious prosecution").

Plaintiff's allegations also fail to show that Carpenter's actions proximately caused any deprivation of liberty or other cognizable harm beyond that occasioned by his parole violation charge. According to the complaint, plaintiff was "found innocent" of the misdemeanor charge at a parole hearing in May 2013. Dkt. #1 at 8. Nevertheless, the Orleans County parole authorities kept plaintiff in the 90-day drug treatment program. The misdemeanor charge was dismissed on July 15, 2013, but plaintiff remained in the drug treatment program until October 2013, and was released from custody on October 29.

Whatever connection there may have been between Carpenter's mistaken identification of plaintiff as the "key suspect" regarding the hit-and-run incident and plaintiff's disqualification from the Parole Diversion Program, that connection is far too attenuated to support any claims against Carpenter. According to plaintiff's allegations, the parole authorities decided to keep him in the 90-day program, even after they determined that he was innocent of the hit-and-run charges. *See Martinez v. City of New York*, No. 12 Civ. 3806, 2012 WL 4447589, at *4 (E.D.N.Y. Sept. 25, 2015) ("Even if plaintiff was arrested falsely, there was an intervening actor between plaintiff's false arrest and the change to his parole status, namely the parole board").

With respect to plaintiff's claim of a due process violation, such a claim requires a "legitimate claim of entitlement" to early release. *Victory v. Pataki*, 814 F.3d 47, 59 (2d Cir.

2016).  *See also Klos v. Haskell*, 48 F.3d 81, 87 (2d Cir. 1995) (describing a continuum ranging from the "denial of a 'unilateral hope' of early conditional release (which does not implicate a liberty interest) and revocation of already-granted release status (which does)").  In the case at bar, the parole authorities decided to keep plaintiff in the 90-day drug treatment program, even after they learned that plaintiff was not involved in the hit-and-run incident.  Plaintiff has not alleged facts showing that he had any legitimate claim of *entitlement* to an earlier release date, or to participation in the 45-day Parole Diversion Program.

As to plaintiff's Fourth Amendment claim, which is based on a search of his residence by RPD in connection with the hit-and-run incident, there is no allegation that Officer Carpenter knowingly made any false statements in support of a warrant application.  There is thus no basis for this claim either.  *See Velardi v. Walsh*, 40 F.3d 569, 573 (2d Cir. 1994) ("the plaintiff must show that the affiant [seeking a warrant] knowingly and deliberately, or with a reckless disregard of the truth, made false statements or material omissions in his application for a warrant, and that such statements or omissions were necessary to the finding of probable cause").

Plaintiff's defamation claim fails for lack of any showing that Carpenter's determination that he was the "key suspect" was injurious to his reputation.  Furthermore, "to allege a cognizable claim under 42 U.S.C. § 1983 predicated upon an act of defamation, a plaintiff must allege what is colloquially referred to as 'stigma-plus' claim: 'a stigmatizing statement plus a deprivation of a tangible interest' without due process of law." *Balentine v. Tremblay*, 554 Fed.Appx. 58, 60 (2d Cir. 2014) (quoting *Algarin v. Town of Wallkill*, 421 F.3d 137, 138 (2d Cir. 2005)).  Plaintiff has not alleged such facts here.

Plaintiff's Eighth Amendment claim requires little comment.  A denial of parole or early release does not constitute cruel or unusual punishment, within the meaning of the Eighth Amendment.  *See Sheppard v. New York State Div. of Parole*, No. 10 Civ. 5376, 2011 WL 2610695, at *4 (S.D.N.Y. June 28, 2011) ("the mere fact that [plaintiff] has been denied parole

does not violate any provision of the Constitution, much less the Eighth Amendment") (citations omitted).

To the extent that plaintiff attempts to assert other claims under New York law, such as claims for negligence, or "mental anguish," such claims are not independently cognizable under § 1983.  *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986) (negligence cannot support § 1983 action for violation of due process); *Fields v. Abbott*, 652 F.3d 886, 891 (8th Cir. 2011) ("negligence and gross negligence cannot support a § 1983 claim alleging a violation of substantive due process rights").

In short, plaintiff has not stated a § 1983 claim.  Assuming the truth of his factual allegations, plaintiff was incorrectly charged in connection with the March 8, 2013 hit-and-run incident, but the harm of which he complains–his continuation in 90-day drug treatment program, instead of the 45-day Parole Diversion Program–was not proximately caused by any acts or omissions of defendant Carpenter.  In addition, plaintiff, whose initial parole-violation arrest was apparently justified, has not alleged facts showing that his federal constitutional rights were violated in the first place, by Carpenter or anyone else.

## CONCLUSION

Defendant's motion to dismiss the complaint (Dkt. #17) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      October 5, 2016.